NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000474
10-MAR-2016
09:10 AM**

NO. CAAP-15-0000474

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF ES

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 13-00005)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Mother-Appellant ("Mother") appeals from the June 3, 2015 "Order Terminating Parental Rights" and "Letters of Permanent Custody," entered in the Family Court of the First Circuit ("Family Court").[1/]  The Family Court terminated Mother's parental rights to her child, ES, and awarded permanent custody of him to the Department of Human Services ("DHS").

On appeal, Mother argues that the Family Court erred in awarding permanent custody of ES to DHS after wrongly concluding that she was unwilling and unable to provide a safe home for ES within a reasonable period of time.  Mother contests Findings of Fact ("FOFs") 72, 75, 76, 81, 83, 85, 87, 88, 91, 111-113, 117, 123, 124, 126, 128, and 130, and Conclusions of Law ("COLs") 9-11 in the court's June 16, 2015 "Findings of Fact and Conclusions of Law" ("FOF/COL").

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1/]     The Honorable Bode A. Uale presided.

the arguments they advance and the issues they raise, we resolve Mother's points of error as follows, and affirm:

(1) The Family Court's finding that Mother was not able and willing to provide ES with a safe family home, even with the assistance of a service plan, and would not become able or was unwilling to do so within a reasonable period of time was based on sufficient evidence. FOFs 112 and 113 and COLs 9 and 10 (which are actually findings of fact) are not clearly erroneous. *See* Haw. Rev. Stat. § 587A-7 (Supp. 2014); *In re Doe*, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001); *In Interest of Doe*, 84 Hawai'i 41, 46, 928 P.2d 883, 888 (1996).

(a) There is substantial evidence in the record on appeal that Mother failed to understand or acknowledge the importance of DHS services in preventing harm to ES. In addition to Mother testifying that she and ES were safe in his father's ("Father") company, and stating that her previous accusations that Father abused her had been lies, DHS Supervisor Sharon Adric ("Adric") testified that Mother did not believe she needed services or that domestic violence was an issue and that Mother's failure to acknowledge the harm to ES indicated that she was not ready to make changes needed to provide him with a safe home. Therefore, FOFs 72 and 91 are not clearly erroneous.

(b) There is substantial evidence in the record on appeal that Mother failed to participate in DHS-recommended services. Both Adric and Social Worker Crystal Cathcart testified that Mother did not complete or follow through with any of her services. In addition, at the trial, DHS Case Worker Barry Kwock ("Kwock") testified that Mother failed to participate in recommended anger management services, could not be referred for a psychological evaluation at the Kapiolani Child Protection Center because she failed to show up twice and had not demonstrated sobriety, did not follow through with parenting education and home-based parenting, and frequently missed or showed up late to visits with ES. Therefore, FOFs 75, 76, 81, 83, 85, and 87 are not clearly erroneous.

(c) FOF 88 is not clearly erroneous because Kwock testified that Mother was unable to engage in individual therapy

2

for substance abuse since she lacked medical insurance.

(d) Mother contests FOF 128. However, it was within the Family Court's discretion to find that Mother was not credible, and such a finding is within the province of the trier of fact. *See In re Doe*, 95 Hawaiʻi at 190, 20 P.3d at 623.

(2) To the extent DHS did not maintain regular and timely contact with Mother, the testimony showed that it was largely because Mother moved often and changed her phone number, was incarcerated or homeless at times throughout the case, and was nearly always accompanied by Father, whose violent tendencies made case workers fearful. FOFs 111, 123, and 124 are not clearly erroneous.

(3) Mother argues that DHS failed to "assess fully all relevant prior and current information concerning each of the safe family home guidelines," such as information from her therapist and the [Kaiser] aftercare program, in violation of Hawaii Revised Statutes § 587-40(b)(1).[2/] At the termination of parental rights trial, Kwock testified that he maybe "should have followed up" more on Mother's claim that she was participating in Kaiser's aftercare program. Nevertheless, Mother fails to show that the alleged error prejudiced her where Mother testified that her claimed participation in the Kaiser program only lasted one to two months before her medical insurance "got cut off," various witnesses testified that Mother was non-compliant with substance abuse treatment and monitoring, including random urinalyses, and Mother testified she believed she did not need substance abuse treatment. Therefore, FOFs 126 and 130 are not clearly erroneous.

(4) FOF 117 is not clearly erroneous because it reflects the testimony given at trial as well as the family court's credibility determination, which this court declines to overturn. *See In re Doe*, 95 Hawaiʻi at 190, 20 P.3d at 623.

(5) COL 11 is not wrong because it accurately reflects the FOF/COL.

---

[2/]    HRS § 587-40 was repealed in 2010.

Therefore, IT IS HEREBY ORDERED that the June 3, 2015 "Order Terminating Parental Rights" and "Letters of Permanent Custody," entered in the Family Court are affirmed.

DATED: Honolulu, Hawai‘i, March 10, 2016.

*Craig H. Nakamura*

Chief Judge

On the briefs:

Patricia A. Brady,
for Mother-Appellant.

Mary Anne Magnier and
Kaiwi N. Ching,
Deputy Attorneys General,
for Petitioner-Appellee.

Associate Judge

Associate Judge